UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-ZLOCH

JOANN CAVE, VIRGINIA CIPOLLA,
THOMAS CUCCI and WARREN MOSTOW,
on behalf of themselves and
all others similarly situated,

97- 6427

Plaintiffs,

CASE NO:

vs.

MAYOR'S JEWELERS, INC.
a Florida Corporation,

Defendant.
_____/



### COMPLAINT

Plaintiffs herein, JOANN CAVE, THOMAS CUCCI, VIRGINIA CIPOLLA and WARREN MOSTOW, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, Whitelock, Rodriguez & Williams, P.A., sue the Defendant, MAYOR'S JEWELERS, INC., a Florida corporation, and states as follows:

1. The Plaintiffs, JOANN CAVE, THOMAS CUCCI, VIRGINIA CIPOLLA and WARREN MOSTOW (collectively, "PLAINTIFFS"), are former employees of Defendant, MAYOR'S JEWELERS, INC. ("MAYOR'S"), and bring this action on behalf of themselves and other employees and former employees of MAYOR'S similarly situated, for compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C § 201 et seq. PLAINTIFFS further sue MAYOR'S under the Florida Statutes, for recovery of extra pay for hours worked in excess of ten per day, and under the common law for all benefits due and owing them which they have unlawfully been denied.



2. PLAINTIFF CAVE is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court; PLAINTIFF CUCCI is a citizen and resident of Palm Beach County, Florida, and within the jurisdiction of this Court; PLAINTIFF CIPOLLA is a citizen and resident of Broward County, Florida and within the jurisdiction of this Court; PLAINTIFF MOSTOW is a citizen and resident of Palm Beach County, Florida, and within the jurisdiction of this Court; those similarly situated will also come under this Court's jurisdiction. This Court has pendant jurisdiction over PLAINTIFFS' State law claims, as they arise out of the same nucleus of operative facts as PLAINTIFFS' claims under the Federal FLSA.

3. MAYOR'S is a Florida corporation that owns and operates jewelry stores in Dade, Broward and Palm Beach Counties, inter alia, and is within the jurisdiction of this Court.

4. PLAINTIFFS seek herein to recover from MAYOR'S, inter alia, unpaid overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b), and by this Court's pendant jurisdiction over PLAINTIFFS' State law claims. MAYOR'S is, and at all times pertinent to this Complaint, was, engaged in interstate commerce: During the relevant period, MAYOR'S regularly owned and operated a business engaged in the retail sale of jewelry which

2

moved in interstate commerce. Based upon information and belief, the annual gross revenue of MAYOR'S was and is in excess of $500,000.00 per annum.

6. By reason of the foregoing, MAYOR'S was, during all times hereafter mentioned or referenced, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

7. The additional persons who may become Plaintiffs in this action as to the claims herein under the FLSA, inter alia, are non-exempt employees and/or former employees of MAYOR'S, who are or were subject to the payroll/compensation practices and procedures described in the paragraphs below, as well as others as to which they may not yet be aware, which will be developed during discovery herein.

8. At all times relevant to this Complaint, MAYOR'S failed to comply with 29 U.S.C. § 201-19 in that PLAINTIFFS and those similarly situated performed services for MAYOR'S, which made no provision to properly pay these employees and former employees for the hours during which said services were performed.

9. PLAINTIFFS had vested employment benefits due and owing them from MAYOR'S, including but not limited to a combination of some or all of the following: 401-K benefits; vacation pay; holiday pay; bonuses; sick days; personal days; severance, inter alia, which were never paid/provided by MAYOR'S.

10. PLAINTIFF CAVE was hired by MAYOR'S in the position of Sales Associate sometime between approximately July and October of

1995. In September 1996, PLAINTIFF CAVE assumed the position of Second/Junior Assistant Manager. In November 1996, PLAINTIFF CAVE resumed her position as Sales Associate, and remained in that position until her separation from MAYOR'S in late December 1996. The above dates are approximate; PLAINTIFF CAVE cannot at this time provide specific, definitive dates regarding employment with MAYOR'S, as such information is presently in the sole and exclusive control of MAYOR'S.

11. PLAINTIFF CIPOLLA commenced her employment with MAYOR'S as a Sales Associate in approximately October-November 1994. PLAINTIFF CIPOLLA assumed the position of Assistant Manager in approximately February 1996, and remained in that position until on or about August 4, 1996, when she assumed the position of Second/Junior Assistant Manager, wherein she remained until her separation from employment with MAYOR'S on or about February 20, 1997. PLAINTIFF CIPOLLA cannot now provide specific, definitive dates regarding employment with MAYOR'S, as such information is presently in the sole and exclusive control of MAYOR'S.

12. Plaintiff CUCCI was hired by MAYOR'S on or about June 20, 1994, and commenced as a MAYOR'S Sales Associate shortly thereafter. PLAINTIFF CUCCI then assumed the position of Store Manager on or about February 1995. However, PLAINTIFF CUCCI was demoted to the position of Second/Junior Assistant Store Manager in May 1995, in which position he remained in until sometime in February 1997, when he was demoted to Sales Associate, in which

4

position he remained until his separation from MAYOR'S on or about March 29, 1997.

13. On or about May 18, 1993, PLAINTIFF MOSTOW was hired by MAYOR'S in the position of Sales Associate, wherein he remained until on or about approximately January 1995, when PLAINTIFF MOSTOW was promoted to the position of Second/Junior Assistant Manager. On or about approximately March 1995, PLAINTIFF MOSTOW was promoted from Second/Junior Assistant Manager to the position of Senior/First Assistant Manager. On or about approximately June 1995, PLAINTIFF MOSTOW was promoted to the position of Store Manager. PLAINTIFF MOSTOW was demoted from the position of Store Manager back to Sales Associate, on or about approximately November 1996. PLAINTIFF MOSTOW separated from employment with MAYOR'S-- holding the position of Sales Associate at the time and continuously since approximately November 1996--on or about February 7, 1997. PLAINTIFF MOSTOW cannot now provide specific, definitive dates regarding employment with MAYOR'S, as such information is presently in the sole and exclusive control of MAYOR'S.

14. By reason of such employment as described above at paragraphs 10-13, PLAINTIFFS were employed during such period as described in the preceding paragraphs, by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, PLAINTIFFS themselves were engaged in commerce: The work performed by PLAINTIFFS was directly essential to the business

operations of MAYOR'S in interstate commerce, which was directly essential to the business performed by MAYOR'S.

15. In the course of their employment with MAYOR'S, PLAINTIFFS, and those similarly situated, worked the hours required by MAYOR'S, numerous times in excess of forty (40) per week, but were not properly compensated by MAYOR'S.

16. MAYOR'S wilfully and intentionally treated PLAINTIFFS and those similarly situated as exempt within the meaning of the FLSA, despite actual knowledge that they were not exempt.

17. MAYOR'S, through their agent(s), including but not limited to Mr. Al Rahm, Vice President, MAYOR'S, Ms. Barbara Ibarra, Director of Human Resources, MAYOR'S, and an as yet unidentified female attorney, on or about February 1996 (or earlier, as will be developed during discovery herein) and continuing to today, engaged in and/or attempted a massive coverup of MAYOR'S wholesale, systemic FLSA violations.

18. More specifically, but without describing exhaustively MAYOR'S unlawful activities in this regard as such a description cannot possibly be prepared prior to extensive discovery by PLAINTIFFS, MAYOR'S attempted coverup and whitewash included: In 1996, informing non-exempt employees, who MAYOR'S had never paid overtime, that there was a "new law" just out, which made it "illegal" for them to work over 40 hours per week; informing these employees further that MAYOR'S wanted them henceforth to "get a life," and not work over 40 hours per week. This was done in an attempt to cover up liability under the FLSA. In this regard,

MAYOR'S had a policy against employees retaining copies of their time sheets, inter alia.

19. PLAINTIFFS, and those similarly situated, were not exempt under the FLSA. Accordingly, MAYOR'S wilfully violated the FLSA by failing to pay overtime with premiums.

20. The records concerning the number of hours actually worked by PLAINTIFFS, and all other similarly situated employees, and the compensation actually paid to such employees, are in the exclusive possession and sole custody and control of MAYOR'S, and PLAINTIFFS are unable to state at this time the exact amount due and owing them or each similarly situated individual. PLAINTIFFS propose to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if necessary, PLAINTIFFS will then seek leave to amend this Complaint to set forth the precise amounts due.

## COUNT I
## RECOVERY OF UNPAID OVERTIME

21. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 20 above.

22. PLAINTIFFS are entitled to be paid time and one half for each hour worked in excess of forty (40) per work week. All similarly situated individuals are likewise owed their overtime rate for each overtime hour they worked and were not properly paid.

23. By reason of the intentional, willful and unlawful acts of MAYOR'S, PLAINTIFFS and those similarly situated have suffered damages, and have incurred and will continue to incur costs and attorneys' fees.

24. As a result of MAYOR'S willful violation of the FLSA, PLAINTIFFS are entitled to additional, liquidated damages in an amount equal to that set forth in paragraphs 22-23, as well as punitive damages.

25. PLAINTIFFS demand trial by jury as to this and all other Counts of this Complaint.

WHEREFORE, PLAINTIFFS, and those similarly situated to them, who have or will opt into this cause of action, demand judgment against Defendant, MAYOR'S, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, punitive damages, reasonable attorneys' fees and costs, and for all other relief this Court deems just and proper, including but not limited to pre-judgment interest.

## COUNT II
## ACTION TO RECOVER EXTRA PAY

26. PLAINTIFFS incorporate by reference the allegations contained in paragraphs numbered 1-20 of this Complaint.

27. PLAINTIFFS, and those similarly situated, regularly labored for MAYOR'S in excess of ten hours per day. PLAINTIFFS and those similarly situated had no written contract with MAYOR'S requiring a number of hours lesser or greater than ten to be performed daily.

28. Accordingly, pursuant to Section 448.01, Florida Statutes, PLAINTIFFS and those similarly situated are entitled to, but have not received, extra pay for all work performed for MAYOR'S in excess of ten hours per day.

WHEREFORE, PLAINTIFFS, on behalf of themselves and those similarly situated, hereby demand from Defendant, MAYOR'S, monetary compensation for all hours worked in excess of ten per day, along with punitive damages, and an award of PLAINTIFFS' reasonable attorneys' fees and costs incurred in bringing this action, and pre-judgment interest, and such other relief as this Court deems appropriate and just.

## COUNT III
## CONVERSION OF VESTED BENEFITS

29. PLAINTIFFS incorporate by reference the allegations contained in paragraphs numbered 1-20 of this Complaint.

30. PLAINTIFFS and those similarly situated were owed vested benefits by MAYOR'S, including but not limited to a combination of some or all of the following: 401-K benefits; vacation pay; holiday pay; bonuses; severance; sick days; personal days, inter alia, which were never paid/provided by MAYOR'S.

31. Instead of paying/providing these vested benefits due and owing PLAINTIFFS, MAYOR'S converted the value of said benefits to its own use, thus exercising wrongful dominion and control over the property of the actual owners thereof.

WHEREFORE, PLAINTIFFS, on behalf of themselves and those similarly situated, hereby demand from Defendant, MAYOR'S, monetary compensation for vested benefits for which they were wrongfully deprived, along with punitive damages, and an award of PLAINTIFFS' reasonable attorneys' fees and costs incurred in bringing this action, and pre-judgment interest, and such other relief as this Court deems appropriate and just.

COUNT IV
MONEY HAD AND RECEIVED

32. PLAINTIFFS incorporate by reference the allegations contained in paragraphs numbered 1-20 of this Complaint.

33. PLAINTIFFS and those similarly situated were owed vested money benefits by MAYOR'S, including but not limited to a combination of some or all of the following: 401-K monies, part of which were paid by one or more PLAINTIFFS to MAYOR'S in trust; vacation pay; holiday pay; bonuses; sick days; personal days; severance, inter alia, which were never paid by MAYOR'S.

34. MAYOR'S has been unjustly enriched by virtue of its failure to pay to PLAINTIFFS their money benefits, and allowing MAYOR'S to keep this money would unjustly deprive PLAINTIFFS of their ownership thereof.

WHEREFORE, PLAINTIFFS, on behalf of themselves and those similarly situated, hereby demand from Defendant, MAYOR'S, repayment of their rightful money benefits which MAYOR'S possesses, along with punitive damages, and an award of PLAINTIFFS' reasonable attorneys' fees and costs incurred in bringing this action, and

pre-judgment interest, and such other relief as this Court deems appropriate and just.

DATED this 18th day of April, 1997.

Respectfully submitted,

WHITELOCK, RODRIGUEZ & WILLIAMS, P.A.
Barnett Bank Plaza - Suite 601
One East Broward Boulevard
Fort Lauderdale, Florida 33301
954/463-2001
Counsel for Plaintiff

_____
STEVEN J. SILVERMAN
FBN: 0042560

11

# CIVIL COVER SHEET

97-6427 CIV-ZLOCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
JOANN CAVE, VIRGINIA CIPOLLA, THOMAS CUCCI and WARREN MOSTOW, on behalf of themselves and all others similarly situated

**DEFENDANTS**
MAYOR'S JEWELERS, INC. a Florida Corporation,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Whitelock, Rodriguez & Williams, P.A.
One East Brwd. Blvd., Suite 601
Fort Lauderdale, Florida 33301  954/462001

**ATTORNEYS (IF KNOWN)**
Fowler White et al.

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
29 U.S.C. § 201 et seq. This is an action for unpaid overtime & liquidated damages & costs & fees on behalf of JOANN CAVE, VIRGINIA CIPOLLA, THOMAS CUCCI and WARREN MOSTOW, on behalf of themselves and all others similarly situated, with pendant state law claims.

**IVa.** 7 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions * |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☒ CLASS ACTION UNDER F.R.C.P. 23
YES
DEMAND $ TBD
Check YES only if demanded in complaint: ☒ YES ☐ NO
JURY DEMAND:

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE RYSKAMP    DOCKET NUMBER 97-8203

DATE    SIGNATURE OF ATTORNEY OF RECORD

---

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 511350
Date Paid: 4/18/97

Amount: $150.00
M/fp: